UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Leslie Centell Hunt, Jr., <br> *also known as Leslie C. Hunt,* <br><br> Plaintiff, <br><br> vs. <br><br> Bell Legal Group; South Carolina Department Dental Dentist; South Carolina Department of Mental; South Carolina Department of Corrections, <br><br> Defendants. <br> _____ | C/A No. 2:13-2425-JFA-BHH <br><br><br><br><br><br> **REPORT AND RECOMMENDATION** |

Plaintiff, Leslie Centell Hunt, Jr, also known as Leslie C. Hunt, ("Plaintiff"), is a state prisoner who is currently confined in the Kershaw Correctional Institution ("KCI") of the South Carolina Department of Corrections ("SCDC") in Kershaw, South Carolina. Plaintiff is proceeding pro se and in forma pauperis. Plaintiff's Complaint alleges that Defendants "denied [Plaintiff's] civil rights to claim damagest (sic)." Complaint, ECF No. 1, p. 2. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter is before the undersigned United States Magistrate Judge for report and recommendation following pre-service review. Having reviewed the Complaint in accordance with applicable law, the undersigned recommends that it be summarily dismissed, without prejudice and without issuance and service of process.

### PRO SE AND IN FORMA PAUPERIS REVIEW

Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The in forma pauperis statute authorizes the District Court to dismiss

a case if it is satisfied that the action is frivolous, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B)(I), (ii) and (iii).  As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  However, even under this less stringent standard, a pro se pleading remains subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  Weller v. Dept. of Social Services, 901 F.2d 387, 391 (4th Cir. 1990).

**BACKGROUND**

Plaintiff files this action, using a state prisoner complaint form, listing "Bell Legal Group" as the only Defendant in the case caption, see Complaint, ECF No. 1, p. 1, but naming the three additional state agency Defendants in the body of his Complaint, see Complaint, ECF No. 1, p. 2.  Plaintiff describes the issues he is attempting to litigate in this case as "denied civil rights to claim damagest (sic)," Id., and begins his "statement of claim" with the phrase "mental illness, damage veneers, teeth infection, denied medical care." Complaint, ECF No. 1, p. 3.  Plaintiff alleges that Defendant Bell Legal Group lied to him by telling him, in a letter dated August 29, 2013, Id., that they could not help Plaintiff with his claims concerning damaged dental veneers (for which Plaintiff spent $10,000), teeth infections, denial of medical care, and shelter. Plaintiff alleges that, on September 4, 2013, he talked with office workers of Defendant Bell Legal Group on the telephone and was told

"not to contact them again about [Plaintiff's] civil rights." Id. Plaintiff seeks "$1,000,000.00 in damagest (sic)." Complaint, ECF No. 1, p. 5.

Plaintiff also submitted, as an attachment to his Complaint, documents related to the May 16, 2013 dismissal by the South Carolina Administrative Law Court, of Plaintiff's appeal from the SCDC's denial of Plaintiff's grievance concerning matters unrelated to the issues raised in this Complaint. The appeal apparently involved the denial of a grievance concerning alleged assaults upon Plaintiff by SCDC staff and other inmates, and the loss of Plaintiff's personal property. See Complaint, ECF No. 1-1, p. 2-4. Plaintiff also attached a copy of a June 17, 2013 letter to Plaintiff from the Third Judicial Circuit Solicitor's Office, see Complaint, ECF No. 1-1, p. 5, concerning Plaintiff's application for four (4) orders for the destruction of arrest records on four (4) state court criminal charges (which are not specifically identified in the letter) that are eligible to be expunged from Plaintiff's criminal record. Again, this document appears to be unrelated to any of the issues raised in Plaintiff's Complaint.

## DISCUSSION

In order for this Court to hear and decide a case, the Court must, first, have jurisdiction over the subject matter of the litigation. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. Pinkley, Inc. V. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999) [citing Lehigh Mining & Mfg. Co. V. Kelly, 160 U.S. 337 (1895)]. Accordingly, a federal court is required, sua sponte, to determine if a

valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Bulldog Trucking, 147 F.3d at 352; see also Rule 12(h)(3) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") ["Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action"]. A plaintiff must allege facts essential to show jurisdiction in his pleadings. See Davis v. Pak, 856 F.2d 648, 650 (4th Cir. 1988) [citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936)]. To this end, Fed. R. Civ. P. 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." Pinkley, 191 F.3d at 399 [citing 2 Moore's Federal Practice § 8.03[3](3d ed. 1997)]. Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. Id.

Generally, a case can be originally filed in a federal district court if there is "federal question" jurisdiction under 28 U.S.C. § 1331 or "diversity of citizenship" under 28 U.S.C. § 1332. It is clear that the essential allegations contained in Plaintiff's Complaint are insufficient to show that this Court has jurisdiction under either statute. While the Complaint can be read as an attempt to state a claim for discrimination under 42 U.S.C. § 1983, which would constitute a "federal question," there is no allegation that Defendant Bell Legal Group acted under color of state law. In order to state a cause of action under

§ 1983, a plaintiff must allege that: (1) the defendant(s) deprived him of a federal right, and (2) did so under color of state law. American Mfr. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Gomez v. Toledo, 446 U.S. 635, 640 (1980); see also Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980). Purely private conduct such as that alleged in this case, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983, or under the Fourteenth Amendment, the two most common provisions under which persons come into federal court to claim that others have violated their constitutional rights. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1983); Burton v. Wilmington Parking Auth., 365 U.S. 715, 721 (1961).

Because the United States Constitution regulates only the government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes "state action." See, e.g., Blum v. Yaretsky, 457 U.S. 991, 1002 (1982). To qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor." Lugar, 457 U.S. at 937; see U. S. v. Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen  Helpers of Am., AFL-CIO, 941 F.2d 1292 (2d Cir.1991). Although a private individual or corporation can act under color of state law, his, her, or its actions must occur where the private individual or entity is "a willful participant in joint action with the State or its agents." Dennis v. Sparks, 449 U.S. 24, 27-28 (1980).

It is well settled that "[a] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."

Polk County v. Dodson, 454 U.S. 312, 318 (1981). "Although lawyers are generally licensed by the States, 'they are not officials of government by virtue of being lawyers.'" Id. at 319 n.9 (quoting In re Griffiths, 413 U.S. 717, 729 (1973)). An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law when performing traditional functions as counsel. See Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (private attorney); Fleming v. Asbill, 42 F.3d 886, 890 (4th Cir. 1994) ("Private lawyers do not act 'under color of state law' merely by making use of the state's court system."); see also Lugar, 457 U.S. at 936 ("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed."). In short, considering the totality of the circumstances and assuming the truth of all of the allegations in Plaintiff's Complaint, the Complaint fails to allege any facts that could be liberally construed to show that Defendant Bell Legal Group's actions were anything other than purely private conduct. Accordingly, under 28 U.S.C. § 1915(e)(2)(B)(ii), Plaintiff's Complaint fails to state a claim on which relief can be granted by this Court, because the Complaint fails to allege that Defendant Bell Legal Group acted "under color of state law," within the meaning of § 1983, to injure Plaintiff.

To the extent that Plaintiff may be attempting to set forth a cause of action against Defendant Bell Legal Group based in state law, this Court does not have jurisdiction to hear it. Federal courts are allowed to hear and decide state-law claims only in conjunction with federal-law claims, through the exercise of "supplemental jurisdiction." See 28 U.S.C. §1367; Wisconsin Dep't of Corr. V. Schacht, 524 U.S. 381, 387 (1998). Since Plaintiff has asserted no valid federal claim, this Court cannot exercise "supplemental" jurisdiction over

Plaintiff's state claim, if any, against Defendant Bell Legal Group.  See Lovern v. Edwards, 190 F.3d 648, 655 (4th Cir. 1999) '"[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants"].  While a civil action for a state-law claim would be cognizable in this Court under the federal diversity statute, that statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00).  See 28 U.S.C. § 1332(a).  Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side.  See Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372-374 (1978).  Here, Plaintiff's Complaint and attachments indicate that Plaintiff and Defendant Bell Legal Group are residents of South Carolina, so diversity of citizenship does not exist.  Accordingly, this Court has no diversity jurisdiction over any claim against Defendant Bell Legal Group.

With respect to Defendants South Carolina Department Dental Dentist, South Carolina Department of Mental,[1] and South Carolina Department of Corrections, to the extent that Plaintiff's Complaint seeks monetary damages from these agencies, neither a State nor its officials acting in their official capacities are "persons" under § 1983.  See Will v. Michigan Dept. of State Police, 491 U.S. 58,  71 (1989) (citing Brandon v. Holt, 469 U.S. 464, 471 (1985)).  As such, Plaintiff's claim for monetary damages against these state agencies in this case is no different from a suit against the State itself.  See, e.g., Kentucky

---

[1] There are no such entities as "the South Carolina Department of Dental Dentist" and "the South Carolina Department of Mental."  The undersigned liberally construes Plaintiff's Complaint to refer to the South Carolina Board of Dentistry, one of the numerous professional and occupational licensing boards within the Division of Professional and Occupational Licensing, of the South Carolina Department of Labor, Licensing and Regulation, and the South Carolina Department of Mental Health.

v. Graham, 473 U.S. 159, 165-166 (1985); Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690, n. 55 (1978).

The Eleventh Amendment to the United States Constitution divests this Court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts.[2] See Alden v. Maine, 527 U.S. 706, 713 (1999) (immunity "is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today . . . except as altered by the plan of the Convention or certain constitutional Amendments."); Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 76 (1996) (Eleventh Amendment prohibits Congress from making the State of Florida capable of being sued in federal court); and Blatchford v. Native Village of Noatak and Circle Village, 501 U.S. 775, 786 (1991) (Congressional power to abrogate Eleventh Amendment immunity can only by exercised by clear legislative intent). See also Federal Maritime Commission v. South Carolina State Ports Authority, et. al., 535 U.S. 743, 743, (2002) (state sovereign immunity precluded Federal Maritime Commission from adjudicating a private party's complaint against a non-consenting State).

Although the language of the Eleventh Amendment does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court in Hans v. Louisiana, 134 U.S. 1 (1889), held that the purposes of the Eleventh Amendment, i.e., protection of a state treasury, would not be served if a state could be sued by its citizens in federal court.  Thus, the Eleventh Amendment bars such suits unless the State has

---

[2] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

waived its immunity[3] or unless Congress has exercised its power under § 5 of the Fourteenth Amendment to override that immunity.  When §1983 was passed as part of the Civil Rights Act of 1871, Congress did not interject any language in the Act which would specifically override the immunity of the states provided by the Eleventh Amendment. Consequently, a claim brought pursuant to §1983 does not override the Eleventh Amendment.  See Quern v. Jordan, 440 U.S. 332, 343 (1979).  Defendants South Carolina Department Dental Dentist, i.e. South Carolina Board of Dentistry, South Carolina Department of Mental [Health], and South Carolina Department of Corrections are state agencies and are immune from Plaintiff's claims under the Eleventh Amendment.  "[I]t is well settled that the Eleventh Amendment bars a suit against a state agency, entity or institution, such as the Department of Social Services and its governing body, the State Board, which functions as an arm or alter ego of the state."  Jensen v. Conrad, 570 F. Supp. 91, 97-98 (D.S.C. 1983), aff'd, 747 F.2d 185 (4th Cir. 1984), cert. denied, 470 U.S. 1052 (1985) (citing Alabama v. Pugh, 438 U.S. 781 (1978)).

Plaintiff has not presented this Court with a basis for subject matter jurisdiction. Plaintiff Complaint fails to state a claim on which relief may be granted by this Court, does not name a Defendant who is amenable to suit under § 1983, and, with respect to the state agency Defendants, seeks monetary relief against defendants who are immune from such relief.

---

[3] The State of South Carolina has not consented to suit in a federal court.  See S. C. Code § 15-78-20(e) which expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State.

## **RECOMMENDATION**

Based on the forgoing, it is recommended that the Court dismiss the Complaint in the above captioned case, without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.


September 16, 2013                           s/Bruce Howe Hendricks
Charleston, South Carolina              United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting the advisory committee's note to Rule 72 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.")).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk of Court
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).